The undersigned have reviewed the Award based upon the the record of the proceedings before the Deputy Commissioner.
Defendant has made a motion to dismiss plaintiff's appeal to the Full Commission based upon plaintiff's failure to timely file a Form 44 and brief in the matter. The undersigned, noting some confusion resulted in plaintiff's attempt to obtain an extension of time, and in the interest of justice pursuant to Rule 801 of the North Carolina Workers' Compensation Rules, will allow plaintiff to proceed with the appeal on the merits. Therefore, Defendant's motion to dismiss is HEREBY DENIED.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law, the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Texfi Industries was a self-insured employer.
4. The date of the alleged injury was August 23, 1994.
5. Plaintiff's last date of work for defendant was August 23, 1994.
In addition, the parties stipulated into evidence the following:
1. Form 18, Form 19 and Form 22 marked as Exhibit 1.
2. Medical records and reports marked as Exhibits 2 through 7.
3. Answers to defendant's interrogatories marked as Exhibit 8.
4. Accident report marked as Exhibit 9.
5. Physical therapy notes marked as Exhibit 10.
6. Chiropractic notes marked as Exhibit 11.
7. Functional capacity evaluation marked as Exhibit 12.
***********
Based upon all of the competent, credible, and convincing evidence in the record, the undersigned make the following
FINDINGS OF FACT
1. As of August 23, 1994 plaintiff had been employed by defendant for approximately seven days as a "locator" at the warehouse. His job involved taking rolls of cloth from a buggy and placing them onto a "cherry picker". The rolls weighed from fifteen to one-hundred pounds. He worked the second shift.
2. Prior to his employment with defendant, plaintiff had had a history of back problems dating back to 1983 when he was treated and released by Dr. Marsigli, an orthopedic surgeon. An MRI performed in January 1993 revealed defects at L4-5 and L5-S1, the latter being the more pronounced. He was then involved in two motor vehicle accidents in July and December 1993, both of which precipitated back symptoms. Following the December 31, 1993 accident, plaintiff received chiropractic care until April 29, 1994. At that point he was somewhat frustrated since he believed his condition had been aggravated to an extent by the treatment, so he went to Dr. Sirisena. Dr. Sirisena considered it possible that plaintiff's symptoms could be due to a urinary tract infection, but tests did not confirm that diagnosis. He then followed plaintiff until June when he referred plaintiff to Dr. MaCauley, but the results of that examination, if it took place, were not in evidence.
3. On August 23, 1994 plaintiff developed back pain as he was performing his job duties with defendant. However, he continued working the rest of his shift. The next day, he informed his supervisor that he was experiencing a flare-up of back pain from a pre-existing condition and that flare-ups would usually subside with rest. Consequently, he asked to go home. On August 25 he went to see Dr. Marsigli complaining of back pain and numbness of his legs. He indicated that he had been lifting cloth for two weeks but denied having had a specific injury. Dr. Marsigli treated him conservatively with rest, medication and a back brace. When plaintiff returned on September 19, he was still complaining of back pain, so Dr. Marsigli ordered an MRI. The test revealed an extruded disk at L5-S1 and a bulging disk at L4-5. Since his condition was chronic and not an acute problem, Dr. Marsigli advised him that he had the option of undergoing surgery, but the doctor did not make a recommendation either way. Presumably due to financial concerns, plaintiff did not receive further medical treatment until June 14, 1995 when he saw Dr. Bloem, another orthopedic surgeon, for an opinion regarding whether he should undergo surgery. Dr. Bloem was of the opinion that surgery would not be unreasonable but, considering the length of time he had had the problem, there was probably scar tissue present, and the results would not be optimum.
4. Plaintiff then saw Dr. Miller, also an orthopedic surgeon, and at first Dr. Miller was very cautious about recommending surgery since the defects shown on the MRI were towards the left side and the symptoms were on the right. However, he subsequently ordered a discogram which confirmed that plaintiff had discogenic pain, and at that point he recommended a lumbar fusion. Plaintiff had not undergone the surgical procedure by the date of initial hearing.
5. Plaintiff has had a long history of back problems relating to ruptured or bulging disks in his lumbar spine which had been prone to flare-up from time to time. When asked if plaintiff's work activities of August 23, 1994 could have aggravated his pre-existing condition, Dr. Marsigli indicated that it was possible but extremely questionable. Dr. Miller had no opinion regarding the cause of plaintiff's back problems. Consequently, plaintiff has not proven credibly or convincingly to the undersigned by the greater weight of the evidence as a whole that the disabling back condition for which he was treated beginning August 25, 1994 was a proximate result of any specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment on August 23, 1994.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. The back condition for which plaintiff was treated beginning August 25, 1994 was not credibly or convincingly proven to have been a proximate result of any specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment on August 23, 1994. G.S. § 97-2
(6); Click v. Pilot Freight Carriers, Inc., 300 N.C. 164 (1980);Lockwood v. McCaskill, 262 N.C. 663 (1964).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. G.S. § 97-2 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
IT IS FURTHERMORE ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1997.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB:kws